## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED |
| ROBERT MCCABE | : | VIOLATIONS: |
| | | 18 U.S.C. § 1341 (mail fraud – 5 counts) |
| | : | 18 U.S.C. § 1343 (wire fraud – 15 counts) |
| | | 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b–5 |
| | : | (securities fraud – 1 count) |
| | | Notice of forfeiture |

## I N F O R M A T I O N

## COUNTS ONE THROUGH FIVE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this Information:

1.     The Securities and Exchange Commission ("SEC") was an agency of the United States Government responsible for, among other things, regulating the securities industry, the buying and selling of securities, and enforcing various securities laws, including the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a et seq. Regulations promulgated by the SEC defined and implemented the requirements of the statutes.

2.     A stock or securities "broker," also referred to as a "registered representative," was a person or company in the business of buying and selling a registered security or securities.

3.      "Securities" that were regulated by the SEC included any notes, stocks, treasury stocks, securities futures, bonds, debentures, evidence of indebtedness, transferable shares, investment contracts, any put, call, straddle, option, or privilege on any security (including a certificate of deposit) or on any group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security," or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guaranty of, or warrant or right to subscribe to or purchase any of the foregoing.

4.      An "investment adviser" was any person who, for compensation, engaged in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities.

5.      The Financial Industry Regulatory Authority ("FINRA") was a regulatory organization responsible for safeguarding the investing public against fraud and bad practice in the securities industry. FINRA wrote and enforced rules and regulations for brokerage firms, securities brokers, and investment advisers in the United States and examined securities brokers for compliance with FINRA's rules and the federal securities laws. FINRA was authorized by the SEC to license individuals to both act as investment advisers and to sell securities. FINRA was also authorized by the SEC to discipline licensed individuals and firms that failed to comply with federal securities laws and FINRA's rules and regulations.

6.      A "Series 6 License" was a license issued by FINRA that allowed a person to sell a small number of specific types of securities such as mutual funds and variable annuities. In order to obtain a Series 6 License, a person was required to take and pass the Investment

Company Products / Variable Life Contracts Representative Examination administered by FINRA. A person who held only a Series 6 License was not permitted to sell stocks.

7.      A "Series 7 License" was a license issued by FINRA that was a mandatory requirement before a person could work as a registered representative to buy and sell stocks and other types of securities on behalf of customers in the United States. In order to obtain a Series 7 License, a person was required to take and pass the General Securities Representative Examination administered by FINRA.

8.      A "Series 66 License" was a license that allowed an individual to serve as both an investment adviser and as a stock broker. In order to obtain a Series 66 License, a person was required to take and pass the Uniform Combined State Law Examination administered by FINRA.

9.      Defendant ROBERT MCCABE did not hold a valid Series 6 License, Series 7 License, Series 66 License, nor any other license issued by FINRA or any state or regulatory authority that would allow him to serve as a broker, registered representative, or investment adviser.

10.     Defendant ROBERT MCCABE was not registered as an investment adviser with the SEC or any state.

11.     In or about December 2008, Wachovia Bank was acquired by Wells Fargo Bank. Wells Fargo Bank was a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation.

12.     Beginning in or about October 1990, and continuing through in or about July 2020, defendant ROBERT MCCABE controlled a bank account at Wachovia Bank (which became Wells Fargo Bank upon the acquisition by Wells Fargo Bank of Wachovia Bank) in the

name of "McCabe Properties," with an account number ending in 8022 (hereinafter the "McCabe Properties Wells Fargo Account"). At all times set forth in this Information, defendant MCCABE had the ability to make deposits into, and withdrawals from, the McCabe Properties Wells Fargo Account.

13.     Beginning on a date unknown and continuing throughout in or about July 2020, defendant ROBERT MCCABE controlled a personal bank account at Wachovia Bank (which became Wells Fargo Bank upon the acquisition by Wells Fargo Bank of Wachovia Bank) with an account number ending in 0132 (hereinafter "McCabe Personal Wells Fargo Account"). At all times set forth in this Information, defendant MCCABE had the ability to make deposits into, and withdrawals from, the McCabe Personal Wells Fargo Account.

14.     In or about 1986, defendant ROBERT MCCABE incorporated "McCabe Properties, Inc." as a New Jersey corporation, for the purpose of purchasing a horse farm. Defendant MCCABE purchased blank stock certificates and a company seal upon the incorporation of McCabe Properties, Inc. In or about 1996, McCabe Properties, Inc. sold the horse farm, and from that point forward McCabe Properties, Inc. had no legitimate business purpose and no assets.

## THE SCHEME

15.     Beginning in or about September 2010 and continuing until in or about June 2020, within the Eastern District of Pennsylvania, and elsewhere, defendant

## ROBERT MCCABE

devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

16.     Defendant ROBERT MCCABE falsely represented to victim investors, including friends, family members, and defendant MCCABE's former fraternity brothers, that defendant MCCABE, operating through McCabe Properties, Inc., had invested in "founders shares" of a well-known U.S. pharmaceutical company (hereinafter the "Pharmaceutical Company"). Defendant MCCABE falsely claimed that McCabe Properties, Inc., owned thousands of these nonexistent "founders shares" of the Pharmaceutical Company, and offered these "founders shares" to the victims by selling the victims corresponding shares in McCabe Properties, Inc. at a price of between approximately $2.60 and approximately $2.70 per share which, had it been true, would have been an exceptionally low price for shares of the Pharmaceutical Company. In reality, neither McCabe Properties, Inc., nor defendant MCCABE, owned any shares of the Pharmaceutical Company, and McCabe Properties, Inc. had no assets.

17.     Between in or about September 2010 through in or about June 2020, defendant ROBERT MCCABE induced more than approximately 50 investors to purchase nonexistent "founders shares" of the Pharmaceutical Company at a price of between approximately $2.60 and approximately $2.70 per share through a series of material misrepresentations and promises, including by falsely representing that McCabe Properties, Inc. owned thousands of these nonexistent "founders shares" of the Pharmaceutical Company and by falsely representing, from time to time, that additional such shares had "become available" to new investors who invested in McCabe Properties, Inc.

18.     Between in or about September 2010 and in or about June 2020, defendant ROBERT MCCABE induced victim investors, through a series of material misrepresentations

and promises, to transfer to him by check and wire transfer approximately $1,033,005 for the purchase of shares of McCabe Properties, Inc., on the expectation that they were purchasing a corresponding amount of "founders shares" of the Pharmaceutical Company.

19.     Defendant ROBERT MCCABE deposited funds received from victim investors into the McCabe Properties Wells Fargo Account.

20.     After receiving victim investor funds based on his false representations, defendant ROBERT MCCABE filled in blank McCabe Properties, Inc. stock certificates documenting the name of the victim and the number of McCabe Properties, Inc. shares purportedly issued to the victim, and then sent those stock certificates to the victims, either through personal delivery or via Federal Express.

21.     Defendant ROBERT MCCABE transferred the victim investor funds from the McCabe Properties Wells Fargo Account into the McCabe Personal Wells Fargo Account. Defendant ROBERT MCCABE withdrew victim investor funds from the McCabe Personal Wells Fargo Account and used those funds to pay his living and other expenses and in a variety of ways that were not disclosed to the victim investors.

22.     Defendant ROBERT MCCABE never used any of the victim investor funds either to purchase any shares of the Pharmaceutical Company or to purchase any other assets for the benefit of the victims.

23.     Between in or about September 2010, and in or about June 2020, defendant ROBERT MCCABE took numerous steps to conceal his scheme to defraud from detection, including (a) falsely informing victim investors that their "founders shares" of the Pharmaceutical Company could only be sold once the Pharmaceutical Company was acquired by another company; (b) forwarding press releases, financial analysis reports, and news stories on

the status of the Pharmaceutical Company to the victim investors; (c) falsely representing to clients that the nonexistent "founders shares" owned by McCabe Properties, Inc. had been purchased from a private venture capital firm that had ties to a known securities fraudster, making selling the "founders shares" problematic; and (d) communicating with clients by email and telephone and providing them with false reasons for an inability to sell the "founders shares."

24.    In or about September 2010, defendant ROBERT MCCABE falsely represented to victim J.S., a former fraternity brother of defendant MCCABE with whom defendant MCCABE had remained in contact over the years, that defendant MCCABE, operating through McCabe Properties, Inc., had invested in "founders shares" of the Pharmaceutical Company at a price of approximately $2.64 per share. Defendant MCCABE falsely claimed that McCabe Properties, Inc., owned thousands of these nonexistent "founders shares" of the Pharmaceutical Company, and offered to sell victim J.S. a corresponding interest in McCabe Properties, Inc.

25.    On or about September 30, 2010, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.S. to pay defendant MCCABE approximately $22,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 8,333 worthless shares of McCabe Properties, Inc. to victim J.S.

26.    On or about January 14, 2011, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim E.W. to pay defendant MCCABE approximately $15,000 for nonexistent "founders shares" of the

Pharmaceutical Company, and in return transferred approximately 5,618 worthless shares of McCabe Properties, Inc. to victim E.W.

27.     On or about April 8, 2011, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.S. to pay defendant MCCABE approximately $20,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 7,575 worthless shares of McCabe Properties, Inc. to victim J.S.

28.     On or about July 13, 2011, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim D.H. to pay defendant MCCABE approximately $2,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 740 worthless shares of McCabe Properties, Inc. to victim D.H.

29.     On or about September 22, 2011, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim E.W. to pay defendant MCCABE approximately $15,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 5,618 worthless shares of McCabe Properties, Inc. to victim E.W.

30.     On or about February 23, 2012, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim E.S. to pay defendant MCCABE approximately $30,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 11,236 worthless shares of McCabe Properties, Inc. to victim E.S.

31.     On or about August 23, 2012, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim C.T. to pay defendant MCCABE approximately $20,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 7,490 worthless shares of McCabe Properties, Inc. to victim C.T.

32.     On or about October 18, 2012, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim R.Si. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,754 worthless shares of McCabe Properties, Inc. to victim R.Si.

33.     On or about February 5, 2013, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.Ta. to pay defendant MCCABE approximately $8,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,000 worthless shares of McCabe Properties, Inc. to victim J.Ta.

34.     On or about February 28, 2013, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.P. to pay defendant MCCABE approximately $45,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 16,854 worthless shares of McCabe Properties, Inc. to victim J.P.

35.     On or about June 1, 2013, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim G.T. to pay defendant MCCABE approximately $60,000 for nonexistent "founders shares" of the

Pharmaceutical Company, and in return transferred approximately 22,472 worthless shares of McCabe Properties, Inc. to victim G.T.

36.     On or about October 27, 2013, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim M.A. to pay defendant MCCABE approximately $5,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,873 worthless shares of McCabe Properties, Inc. to victim M.A.

37.     On or about December 11, 2013, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim E.S. to pay defendant MCCABE approximately $5,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,872 worthless shares of McCabe Properties, Inc. to victim E.S.

38.     On or about January 16, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim C.T. to pay defendant MCCABE approximately $25,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 9,363 worthless shares of McCabe Properties, Inc. to victim C.T.

39.     On or about February 12, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim D.F. to pay defendant MCCABE approximately $20,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 7,490 worthless shares of McCabe Properties, Inc. to victim D.F.

40.     On or about March 31, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim Z.A.L. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,745 worthless shares of McCabe Properties, Inc. to victim Z.A.L.

41.     On or about July 18, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim Z.A.L. to pay defendant MCCABE approximately $30,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 11,236 worthless shares of McCabe Properties, Inc. to victim Z.A.L.

42.     On or about August 22, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.P. to pay defendant MCCABE approximately $18,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 6,741 worthless shares of McCabe Properties, Inc. to victim J.P.

43.     On or about September 26, 2014, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 23 victims, including victim D.F. in New York and victim G.T. in New Jersey, in which defendant MCCABE sent the victims a link to an article discussing the Pharmaceutical Company.

44.     On or about November 1, 2014, defendant ROBERT MCCABE, through series of false representations and omissions of material fact, induced victim R.Sa. to pay defendant MCCABE approximately $5,000 for nonexistent "founders shares" of the

Pharmaceutical Company, and in return transferred approximately 1,873 worthless shares of McCabe Properties, Inc. to victim R.Sa.

45.   On or about November 5, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim D.H. to pay defendant MCCABE approximately $6,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 375 worthless shares of McCabe Properties, Inc. to victim D.H.'s wife, victim M.H.

46.   On or about December 11, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim R.Sm. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 9,363 worthless shares of McCabe Properties, Inc. to victim R.Sm.

47.   On or about December 30, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victims B.W and J.L. to pay defendant MCCABE approximately $25,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 9,363 worthless shares of McCabe Properties, Inc. to victims B.W. and J.L.

48.   On or about December 30, 2014, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim D.H. to pay defendant MCCABE approximately $1,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 9,363 worthless shares of McCabe Properties, Inc. to victim D.H.

49.     On or about May 6, 2015, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim L.M. to pay defendant MCCABE approximately $5,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,873 worthless shares of McCabe Properties, Inc. to victim L.M.

50.     On or about May 20, 2015, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim M.L. to pay defendant MCCABE approximately $20,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 7,490 worthless shares of McCabe Properties, Inc. to victim M.L.

51.     On or about June 1, 2015, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 23 victims, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

52.     On or about July 8, 2015, and August 2, 2015 defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim A.S. to pay defendant MCCABE two payments totaling approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,745 worthless shares of McCabe Properties, Inc. to victim A.S.

53.     On or about September 25, 2015, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim D.B. to pay defendant MCCABE approximately $20,000 for nonexistent "founders shares" of the Pharmaceutical Company.

54.     On or about January 13, 2016, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 37 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

55.     On or about March 14, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim T.He. to pay defendant MCCABE approximately $2,670 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,000 worthless shares of McCabe Properties, Inc. to victim T.He.

56.     On or about May 4, 2016, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

57.     On or about June 21, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim C.K. to pay defendant MCCABE approximately $4,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,500 worthless shares of McCabe Properties, Inc. to victim C.K.

58.     On or about July 16, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim B.H. to pay defendant MCCABE approximately $21,360 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 8,000 worthless shares of McCabe Properties, Inc. to victim B.H.

59.     On or about August 4, 2016, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 37 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

60.     On or about August 23, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim M.K. to pay defendant MCCABE approximately $12,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 4,495 worthless shares of McCabe Properties, Inc. to victim M.K.

61.     On or about November 3, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim M.K. to pay defendant MCCABE approximately $10,100 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,783 worthless shares of McCabe Properties, Inc. to victim M.K.

62.     On or about November 5, 2016, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

63.     On or about December 2, 2016, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to an attorney representing the estate of victim E.W., who had passed away, in which defendant MCCABE falsely represented that McCabe Properties, Inc. owned approximately 1,872,660 shares of the Pharmaceutical Company, and that victim E.W.'s prior purchase of approximately 11,236 shares of McCabe Properties, Inc.

corresponded to an equal of number of shares of the Pharmaceutical Company that were held by McCabe Properties, Inc.

64.     On or about December 27, 2016, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim I.R. to pay defendant MCCABE approximately $2,734 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,024 worthless shares of McCabe Properties, Inc. to victim I.R.

65.     On or about January 15, 2017, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company.

66.     On or about February 28, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim G.T. to pay defendant MCCABE approximately $30,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 11,235 worthless shares of McCabe Properties, Inc. to victim G.T.

67.     On or about March 6, 2017, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to victim R.Sa. in Hawaii, in which defendant MCCABE agreed to sell shares of McCabe Properties, Inc. to victim R.Sa.'s partner, victim K.T., and to send the stock certificates via Federal Express to victim K.T. in Hawaii.

68.     On or about March 10, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim K.T. to pay defendant MCCABE approximately $4,000 for nonexistent "founders shares" of the

16

Pharmaceutical Company, and in return transferred approximately 1,500 worthless shares of McCabe Properties, Inc. to victim K.T.

69.    On or about March 23, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim B.S. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,745 worthless shares of McCabe Properties, Inc. to victim B.S.

70.    On or about June 26, 2017, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company

71.    On or about July 1, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.Th. to pay defendant MCCABE approximately $40,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 14,980 worthless shares of McCabe Properties, Inc. to victim J.Th.

72.    On or about August 10, 2017, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company and in which he urged the victims to "have patience."

73.    On or about October 9, 2017, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to victim S.L. in California, in which defendant

17

MCCABE provided information about the Pharmaceutical Company and instructions on how to wire money to defendant MCCABE for the purchase of shares of McCabe Properties, Inc.

74.     On or about October 30, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.F. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,745 worthless shares of McCabe Properties, Inc. to victim J.F.

75.     On or about November 12, 2017, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim B.H. to pay defendant MCCABE approximately $5,340 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 2,000 worthless shares of McCabe Properties, Inc. to victim B.H.

76.     On or about January 11, 2018, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company and in which he urged the victims to exercise "patience."

77.     On or about January 25, 2018, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to potential investor H.C. in New Jersey, in which defendant MCCABE falsely stated that McCabe Properties, Inc. was "a private holding company," the only assets of which were "founders shares" of the Pharmaceutical Company. Defendant MCCABE also falsely stated that McCabe Properties, Inc. can only sell the "founders shares" when the Pharmaceutical Company is acquired by another company, which was likely to

happen in 2019.  Defendant MCCABE also offered to sell shares of McCabe Properties, Inc. to H.C. for approximately  $2.67 per share.

78.     On or about January 26, 2018, defendant ROBERT MCCABE, through a series of false representations and omissions  of material fact, induced  victim M.O. to pay defendant MCCABE approximately $31,572.75  for nonexistent "founders  shares" of the Pharmaceutical Company,  and in return transferred approximately  11,825 worthless shares of McCabe Properties, Inc. to victim M.O.

79.     On or about February 1, 2018, defendant ROBERT MCCABE, through  a series of false representations and omissions  of material fact, induced  victim R.H.III. to pay defendant MCCABE approximately  $5,927 for nonexistent "founders  shares" of the Pharmaceutical Company,  and in return transferred approximately  2,219 worthless shares of McCabe Properties, Inc. to victim R.H.III.

80.     On or about February 28, 2018, defendant ROBERT MCCABE, through  a series of false representations and omissions  of material fact, induced  victim M.W. to pay defendant MCCABE approximately  $10,000  for nonexistent "founders  shares" of the Pharmaceutical Company,  and in return transferred approximately  3,745 worthless shares of McCabe Properties, Inc. to victim M.W.

81.     On or about February 28, 2018, defendant ROBERT MCCABE, through  a series of false representations and omissions  of material fact, induced  victim D.W. to pay defendant MCCABE approximately  $15,000  for nonexistent "founders  shares" of the Pharmaceutical Company,  and in return transferred approximately  5,618 worthless shares of McCabe Properties, Inc. to victim D.W.

82.     On or about April 23, 2018, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.K. to pay defendant MCCABE approximately $2,670 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,000 worthless shares of McCabe Properties, Inc. to victim J.K.

83.     On or about April 23, 2018, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim S.S. to pay defendant MCCABE approximately $10,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 3,745 worthless shares of McCabe Properties, Inc. to victim S.S.

84.     On or about July 26, 2018, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim L.M. to pay defendant MCCABE approximately $45,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 16,854 worthless shares of McCabe Properties, Inc. to victim L.M.

85.     On or about September 20, 2018, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE indicated that he had approximately 19,663 shares of McCabe Properties, Inc., corresponding to an equal number of shares of the Pharmaceutical Company, available for sale on a first come, first served basis, due to the death of one of the original investors in McCabe Properties, Inc.

86.     On or about September 21, 2018, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to victim Z.A.L. in New York, in which defendant MCCABE indicated that he had approximately 10,487 shares of McCabe Properties, Inc., remaining for sale, and offered to sell all or part of them to victim Z.A.L.

87.     On or about October 2, 2018, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim S.O. to pay defendant MCCABE approximately $4,475 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,676 worthless shares of McCabe Properties, Inc. to victim S.O.

88.     On or about April 16, 2019, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim Z.A.L. to pay defendant MCCABE approximately $36,500 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 13,671 worthless shares of McCabe Properties, Inc. to victim Z.A.L.

89.     On or about November 1, 2019, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim T.Wi. to pay defendant MCCABE approximately $5,000 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 1,873 worthless shares of McCabe Properties, Inc. to victim T.Wi.

90.     On or about December 29, 2019, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.P.M. to pay defendant MCCABE approximately $37,000 for nonexistent "founders shares" of the

Pharmaceutical Company, and in return transferred approximately 13,858 worthless shares of McCabe Properties, Inc. to victim J.P.M.

91.     On or about February 28, 2020, defendant ROBERT MCCABE, through a series of false representations and omissions of material fact, induced victim J.M. to pay defendant MCCABE approximately $5,340 for nonexistent "founders shares" of the Pharmaceutical Company, and in return transferred approximately 2,000 worthless shares of McCabe Properties, Inc. to victim J.M.

92.     On or about May 6, 2020, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company's first quarter earnings.

93.     On or about June 7, 2020, defendant ROBERT MCCABE sent an email from the Eastern District of Pennsylvania to victim M.W. in New Jersey, in which defendant MCCABE falsely claimed that McCabe Properties, Inc.'s investment in the Pharmaceutical Company was made approximately 12 years prior through a firm owned by a known financial fraudster, but the investment was legitimate, and defendant MCCABE expected that McCabe Properties, Inc. would be able to sell its shares of the Pharmaceutical Company by the end of 2020.

94.     On or about each of the following dates, in the Eastern District of Pennsylvania, the Central District of California, the District of Maryland, the District of Hawaii, and elsewhere, defendant

**ROBERT MCCABE**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail and commercial interstate carriers, according to the directions thereon, the following items:

| COUNT | DATE (Approx.) | FROM | TO | DESCRIPTION OF ITEM |
|---|---|---|---|---|
| ONE | 3/10/17 | Bangor, Pennsylvania | Honolulu, Hawaii | Federal Express package containing approximately 1,500 worthless shares of McCabe Properties, Inc. shipped by defendant ROBERT MCCABE to victim K.T. |
| TWO | 10/16/17 | Bangor, Pennsylvania | La Habra, California | Federal Express package containing approximately 7,490 worthless shares of McCabe Properties, Inc. shipped by defendant ROBERT MCCABE to victims S.L. and K.L. |
| THREE | 10/16/17 | Bangor, Pennsylvania | Honolulu, Hawaii | Federal Express package containing approximately 1,123 worthless shares of McCabe Properties, Inc. shipped by defendant ROBERT MCCABE to victim R.Sa. |
| FOUR | 1/30/18 | Bangor, Pennsylvania | Sparrows Point, Maryland | Federal Express package containing approximately 11,825 worthless shares of McCabe Properties, Inc. shipped by defendant ROBERT MCCABE to victim M.O. |
| FIVE | 2/28/20 | Bangor, Pennsylvania | Honolulu, Hawaii | Federal Express Package containing approximately 1,800 worthless shares of McCabe Properties, Inc. shipped by defendant ROBERT MCCABE to victim R.Sa. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS SIX THROUGH TWENTY

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.    Paragraphs 1 through 14 of Counts One through Five are incorporated here.

## THE SCHEME

      2.    Beginning in or about September 2010 and continuing until in or about June 2020, within the Eastern District of Pennsylvania, and elsewhere defendant

### ROBERT MCCABE

devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

      3.    Paragraph 16 through 93 of Counts One through Five are incorporated here.

      4.    On or about each of the following dates, in the Eastern District of Pennsylvania, the Central District of California, the District of New Jersey, the District of Maryland, the District of Hawaii, the Southern District of New York, and elsewhere, defendant

### ROBERT MCCABE

for the purpose of executing the scheme described above, and attempting to do so, caused the following signals and sounds to be transmitted by means of wire communication in interstate commerce:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| SIX | 1/13/16 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 37 victims, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |
| SEVEN | 5/4/16 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |
| EIGHT | 8/4/16 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 37 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |
| NINE | 11/5/16 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |
| TEN | 1/15/17 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |
| ELEVEN | 3/6/17 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to victim R.Sa. in Hawaii, in which defendant MCCABE agreed to sell shares of McCabe Properties, Inc. to victim R.Sa.'s partner, victim K.T., and to send the stock certificates via Federal Express to victim K.T. in Hawaii. |
| TWELVE | 6/26/17 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company. |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| THIRTEEN | 8/10/17 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company and in which he urged the victims to "have patience." |
| FOURTEEN | 10/9/17 | Email sent by defendant ROBERT MCCABE to victim S.L. in California, in which defendant MCCABE provided information about the Pharmaceutical Company and instructions on how to wire money to defendant MCCABE for the purchase of shares of McCabe Properties, Inc. |
| FIFTEEN | 1/11/18 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company and in which he urged the victims to exercise "patience." |
| SIXTEEN | 1/25/18 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to potential investor H.C. in New Jersey, in which defendant MCCABE falsely stated that McCabe Properties, Inc. was "a private holding company" the only assets of which were "founders shares" of the Pharmaceutical Company, which McCabe Properties, Inc. can only sell when the Pharmaceutical Company is acquired by another company, which was likely to happen in 2019, and in which defendant MCCABE offered to sell shares of McCabe Properties, Inc. to H.C. for approximately $2.67 per share. |
| SEVENTEEN | 9/20/18 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE indicated that he had approximately 19,663 shares of McCabe Properties, Inc., corresponding to an equal number of shares of the Pharmaceutical Company, available for sale on a first come, first served basis, due to the death of one of the original investors in McCabe Properties, Inc. |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| EIGHTEEN | 9/21/18 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to victim Z.A.L. in New York, in which defendant MCCABE indicated that he had approximately 10,487 shares of McCabe Properties, Inc., remaining for sale, and offered to sell all or part of them to victim Z.A.L. |
| NINETEEN | 5/6/20 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to approximately 50 victims and potential investors, including victim D.F. in New York, victim R.Sa. in Hawaii, and victim G.T. in New Jersey, in which defendant MCCABE provided information about the Pharmaceutical Company's first quarter earnings. |
| TWENTY | 6/7/20 | Email sent by defendant ROBERT MCCABE from the Eastern District of Pennsylvania to victim M.W. in New Jersey in which defendant MCCABE falsely claimed that McCabe Properties, Inc.'s investment in the Pharmaceutical Company was made approximately 12 years prior through a firm owned by a known financial fraudster, but the investment was legitimate, and defendant MCCABE expected that McCabe Properties, Inc. would be able to sell its shares of the Pharmaceutical Company by the end of the 2020. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWENTY-ONE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.  Paragraphs 1 through 14 and 16 through 93 of Counts One through Five are incorporated here.

## SECURITIES FRAUD

2.  Beginning in or about September 2010 and continuing until in or about June 2020, within the Eastern District of Pennsylvania, and elsewhere, defendant

### ROBERT MCCABE

did unlawfully, willfully, and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b–5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, in connection with purchases and sales of securities of McCabe Properties, Inc.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b–5.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

       1.     As a result of the violations of Title 18, United States Code, Sections 1341 and 1343 and Title 15, United States Code, Section 78ff, set forth in this Information, defendant

### ROBERT MCCABE

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, $1,033,005 in United States currency (money judgment).

       2.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred to, sold to, or deposited with a third party;

      c.     has been placed beyond the jurisdiction of this Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

       All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. Section 2461.

**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**

No._ _ _ _ _ _ _ _ _ _

---

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal  Division</u>

---

## THE UNITED STATES OF AMERICA

vs.

ROBERT MCCABE

---

## INFORMATION

Counts

18 U.S.C. § 1341 (mail fraud – 5 counts); 18 U.S.C. § 1343 (wire fraud – 15 counts); 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. §240.10b– 5 (securities fraud – 1 count); Notice of forfeiture

---

A true bill.

_____
Foreman

---

Filed in open court this _____day,

Of _____A.D. 20_____

_____
Clerk

---

Bail, $_____